UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TRACYE BENARD WASHINGTON,

Plaintiff,

v.

K. HARRINGTON, et al.,

Defendants.

_______________________________/

CASE NO. 1:11-cv-00848-MJS (PC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

**SCREENING ORDER**

## I. PROCEDURAL HISTORY

On May 20, 2011, Plaintiff Tracye Benard Washington, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 6.) Plaintiff's Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

The Complaint names the following Kern Valley State Prison (KVSP) officials as Defendants in this action: (1) Kelly Harrington, Warden; (2) S. Lopez, Chief Medical Officer (CMO); (3) Dr. Akanno; (4) Munga, Registered Nurse; (5) Griutron, Registered Nurse; (6) John Doe #1; and (7) John Doe #2.

Plaintiff alleges the following:

On May 28, 2009, Plaintiff was examined by Nurse Munga because of difficulty breathing and a persistent cough. Plaintiff thought he had the flu; Munga disagreed. Munga measured Plaintiff's vital signs, dispensed over-the-counter medication, and dismissed Plaintiff. (Compl. at 5.) Plaintiff returned to the medical clinic approximately two

weeks later because his symptoms persisted. Nurse Griutron examined Plaintiff and attempted to give Plaintiff the same medication again. When Plaintiff explained that the medication had been ineffective, Nurse Griutron stated she would refer Plaintiff to a doctor. (Id. at 5, 6.) Plaintiff was never seen by a doctor pursuant to that referral. (Id. at 12.)

On June 22, 2009, Plaintiff entered the clinic complaining of an inability to breathe. Plaintiff's vitals and oxygen levels were measured. (Id. at 6.) Nurse Griutron examined the results and stated that the referral for a doctor had been submitted and that she would schedule Plaintiff for chest x-rays. (Id. at 7.) The scheduled x-rays never took place because John Doe #2 "fail[ed] to place [P]laintiff on the list as requested by Nurse Griutron." (Id. at 14.) The next day Plaintiff was sent via ambulance to the Central Treatment Center (CTC) because of agonizing stomach pain. Plaintiff was released without examination after stating "that he was feeling better." (Id. at 7.) The following day Plaintiff experienced difficulty breathing, "his sense of smell and taste had dissipated," and he was having night sweats. (Id.) An x-ray revealed that Plaintiff's lungs had filled with fluid, an indication of pneumonia. Plaintiff was sent to an outside hospital where he underwent surgery to remove bacteria from the lungs. A biopsy "confirmed that [P]laintiff was suffering from pneumonia, asthma and extreme weight loss." (Id. at 8.) Plaintiff was prescribed various medications, including the steroid Prednisone, and returned to KVSP. Plaintiff had to pursue John Doe #2 for several days before his prescriptions were filled. (Id. at 8, 14.)

On July 7, 2009, Plaintiff was prescribed nutritional supplements to aid his weight gain and general recovery. One of the John Doe Defendants took several days to fill the prescription and then regularly failed to provide Plaintiff with a full day's supply as

prescribed. Medical clinic staff stated that the supply occasionally ran out. (Id. at 9, 14.)

Plaintiff was examined by Dr. Akanno on July 21, 2009, with complaints of persistent cough, joint pain, and muscle cramps. Dr. Akanno prescribed antibiotics and cough syrup, but declined to renew Plaintiff's Prednisone prescription or provide a stronger pain killer. (Id. at 9, 15.) On August 6, 2009, Plaintiff continued to suffer from a cough and was unable to breathe while lying down; he was prescribed antibiotics and Mucinex. Later that day Plaintiff, unable to breathe properly, was sent to an outside hospital. (Id. at 9.) On August 10, 2009, Plaintiff was seen by a doctor for renewed breathing difficulty. Lung afflictions were discovered and Plaintiff was sent to an outside hospital for a second operation. (Id. at 10.) The surgeon stated that Plaintiff's pneumonia had returned because of Dr. Akanno's failure to renew Plaintiff's Prednisone prescription. (Id. at 15.) Plaintiff was returned to KVSP one week later. (Id. at 10.)

Plaintiff filed an inmate grievance on August 30, 2009, requesting a transfer out of KVSP because of inadequate medical care. "Approximately one to two months later," Doctor Akanno told Plaintiff that he was submitting a medical transfer order on Plaintiff's behalf. (Id.) At the end of 2009, the Classification Committee, on Defendant Akanno's and Lopez's recommendations, approved Plaintiff's transfer to California State Prison Los Angeles County (CSPLA). Prison regulations require transfers be carried out within one hundred twenty days of approval. Plaintiff's approved transfer to CSPLA was never carried out. In June or July, 2010, Plaintiff reappeared before the Committee and was approved for transfer to California State Prison Sacramento. (Id. at 11.)

When an inmate enters the medical clinic after filing a health care request, the facility nurse conducts an intake interview. The facility nurse has access to the inmate's

medical records including information relating to preexisting conditions and ongoing treatment. (Id. at 12.) Plaintiff had been diagnosed with, and was receiving medication for, asthma prior to the events at issue. The California Department of Corrections and Rehabilitation (CDCR) has a policy of not housing inmates with respiratory illness at prisons, such as KVSP, in the San Joaquin Valley. (Id. at 13.)

Warden Harrington is responsible for ensuring that inmates are properly housed at KVSP in accordance with all relevant housing factors, including health. CMO Lopez is responsible for the quality of healthcare provided at KVSP. (Id. at 12.)

The Complaint asserts that the Defendants exhibited deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights. (Id. at 14, 15.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B. Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff alleges that Warden Harrington and CMO Lopez are liable for the violation

of his Eighth Amendment rights because of their roles as supervisors. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948. The Complaint alleges no facts in support of the conclusion that either Defendant Harrington or Lopez participated in or knew of the alleged violations. It is not sufficient to allege that a supervisor participated in the violation by virtue of their title or position.

The Court will grant Plaintiff leave to amend his complaint in this regard. In order to state a claim, Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights. The mere fact that they may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**C. Inadequate Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations

omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)

(internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

1. Serious Medical Need

Plaintiff experienced a persistent cough and labored breathing that effected his mobility. Numerous medical practitioners found his condition worthy of treatment. He was diagnosed with pneumonia and two surgeries were performed. This adequately alleges a serious medical need and thus satisfies the first element of Plaintiff's Eighth Amendment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

2. Deliberate Indifference

a. Nurse Munga

The Complaint alleges that Defendant Munga failed to refer Plaintiff to a doctor on May 28, 2009, in deliberate indifference to Plaintiff's serious medical needs. On that day, Plaintiff entered the medical clinic complaining of difficulty breathing and a cough. Plaintiff believed he had the flu and Munga disagreed. Munga took Plaintiff's vital signs and dispensed medication. Plaintiff was not referred to see a doctor.

These facts do not demonstrate that Defendant Munga was deliberately indifferent to a serious medical need. Defendant Munga examined Plaintiff and provided treatment. The fact that Plaintiff disagreed with the care and believed he should have been referred to a doctor is not sufficient to state a claim. Franklin, 662 F.2d at 1344.

The Court will provide Plaintiff with an opportunity to amend. In order to state a cognizable claim based on a disagreement over medical care provided, Plaintiff must show, with facts, not mere speculation or suspicion, "that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 332.

b. Nurse Griutron & John Doe #1

The Complaint alleges that Defendant Griutron exhibited deliberate indifference when she failed to refer Plaintiff to a doctor and did not ensure that Plaintiff received x-rays. John Doe #1 allegedly failed to schedule Plaintiff for an x-ray, per Defendant Griutron's order, in deliberate indifference to Plaintiff's serious medical needs.

Griutron told Plaintiff on June 11, 2009, that she would refer him to a doctor and that an appointment before June 25, 2009, would be unlikely. Plaintiff returned to the clinic on June 22, 2009, and Griutron stated that Plaintiff had been referred to a doctor and that she would also order an x-ray. Plaintiff admits that he received an x-ray on June 24, 2009, and he necessarily was seen by a doctor by June 28, 2009, the date of his first surgery.

Plaintiff's claims against Defendant Griutron and John Doe #1 are not consistent with his factual allegations. Nurse Griutron stated that referral to a doctor, would take at least two weeks, and she ordered x-rays. Plaintiff was seen by a doctor and had an operation within three weeks. Plaintiff waited two days for x-rays. Based on the facts alleged, it appears that Plaintiff received the medical care that he complains he was deprived of.

Plaintiff has not satisfied the second element of his Eighth Amendment claims

against Defendants Griutron and John Doe #1. The Court will grant Plaintiff leave to amend. In order to state a cognizable claim, Plaintiff must adequately allege true facts, not speculation or suspicion, that the Defendants knew of and disregarded Plaintiff's serious medical need. Plaintiff is cautioned that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001).

c. John Doe #2

The Complaint asserts that John Doe #2 was deliberately indifferent to Plaintiff's serious medical needs by failing to promptly fill a prescription. (Compl. at 14.) Plaintiff returned to KVSP from his June 28, 2009, surgery with prescriptions for antibiotics and steroids. Those medications were not immediately provided and Plaintiff had to pursue "Facility 'A' Nurses and LVN[ ]s before [P]laintiff was given his medications . . . ." (Id. at 8.)

The allegations do not make clear how John Doe #2 was responsible for the delayed medication when it was the nurses and LVNs Plaintiff pursued for the prescription. Plaintiff has failed to allege consistent facts in support of his conclusion that John Doe #2 was deliberately indifferent to his serious medical need. The Court will provide Plaintiff an opportunity to amend. In order to state a claim, Plaintiff must clearly allege facts demonstrating that John Doe #2 knew of and disregarded Plaintiff's serious medical need. John Doe #2 can only be held liable for his own conduct. Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988)

d. Dr. Akanno

Defendant Akanno examined Plaintiff on July 21, 2009, after Plaintiff's initial surgery. Dr. Akanno declined to renew Plaintiff's Prednisone prescription or provide

Plaintiff with a stronger pain killer. (Id. at 9, 15.) Plaintiff's pneumonia returned and a second surgery was necessary. The surgeon stated that Plaintiff's pneumonia had returned because of Dr. Akanno's failure to renew Plaintiff's Prednisone prescription. (Id. at 15.)

Plaintiff concludes that Dr. Akanno exhibited deliberate indifference by refusing to renew a prescription previously authorized by another physician and denying Plaintiff pain medication. These allegations do not satisfy the second element of Plaintiff's Eighth Amendment claim against Dr. Akanno. The fact that Dr. Akanno disagreed with the attending physician at the hospital regarding the necessity of Prednisone does not state a claim. A difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference. Sanchez, 891 F.2d at 242. Also, Plaintiff's belief that pain medication was necessary is not sufficient to satisfy the deliberate indifference standard. Franklin, 662 F.2d at 1344. Dr. Akanno exercised his medical judgement in denying the medication. He may have been negligent in doing so, but negligence falls short of deliberate indifference. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Plaintiff has not alleged that Dr. Akanno was deliberately indifferent and thus fails to state an Eighth Amendment claim. The Court will provide an opportunity to amend. In order to state a cognizable claim based on a disagreement over medical care provided, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 332.

e. Unattributed Conduct

On July 7, 2009, Plaintiff was prescribed nutritional supplements to aid his weight gain and general recovery. Plaintiff alleges generally that medical clinic staff members failed to ensure that there was enough nutritional supplement to fill Plaintiff's prescription each day. The medical personnel stated that the supply occasionally ran out. (Compl. at 9, 14.) Plaintiff does not attribute these actions to any individual. It is not sufficient to allege that an unknown group violated Plaintiff's rights. Plaintiff must link the deprivations alleged in each claim to a named Defendant before the Court can determine whether the claim is cognizable. See Monell, 436 U.S. at 658. If Plaintiff is unaware of the Defendant or Defendants who deprived him of the prescribed supplement, he may use the John Doe designation. However, Plaintiff must continue to number them in the complaint, e.g., "John Doe 1," "John Doe 2," or otherwise distinguish each defendant, e.g., "Pharmacist John Doe," so that every John Doe refers to a different specific person.

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed May 20, 2011;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this

/////

/////

/////

action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: May 24, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE