UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TRACYE BENARD WASHINGTON,

Plaintiff,

v.

K. HARRINGTON, et al.,

Defendants.

_____________________________________/

CASE NO. 1:11-cv-00848-MJS (PC)

ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM

(ECF No. 14)

CLERK SHALL CLOSE THE CASE

**SCREENING ORDER**

## I. PROCEDURAL HISTORY

On May 20, 2011, Plaintiff Tracye Benard Washington, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 6.)

On May 25, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 13.) Plaintiff's First Amended Complaint (ECF No. 14) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint names R. Griutron, Registered Nurse (RN), Kern Valley State Prison (KVSP) and G. Moonga, RN, KVSP as the Defendants in this action.

Plaintiff alleges the following:

Upon entering the custody of the California Department of Corrections and Rehabilitation (CDCR), Plaintiff was given an initial medical examination, diagnosed with asthma, and enrolled in the CDCR's Chronic Care Program (CCP). Prisoners in the CCP are scheduled for regular appointments with doctors to monitor chronic illness and adjust medication. Plaintiff was enrolled in the program at KVSP. (Compl. at 4.)

On May 26, 2009, Plaintiff filed a health care request for a flu shot because of

breathing difficulties and persistent cough. (Id. at 4, 5.) Two days later he received a pass for the medical clinic and was seen by RN Moonga. Plaintiff described his symptoms and explained that he believed he may have contracted Swine Flu which was exacerbating his asthma. The prison had previously notified prisoners of a Swine Flu outbreak at KVSP and instructed inmates to contact medical staff upon experiencing certain symptoms. Plaintiff requested a flu shot. (Id. at 5.) "Although diagnosing [P]laintiff's medical illnesses is not within his scope, RN Moonga stated that he did not believe [Plaintiff] had the flu." (Id, at 6.) Moonga issued Plaintiff cough drops and Mucinex and told Plaintiff to report to medical staff if his symptoms persisted.

On June 15, 2009, Plaintiff filed a request that his asthma medication be strengthened because he was experiencing shortness of breath and was coughing day and night. Plaintiff received a pass for the clinic and was seen by RN Griutron on June 17, 2009. (Id.) Plaintiff explained his symptoms. Griutron measured Plaintiff's vital signs and attempted to give Plaintiff cough drops and Mucinex; Plaintiff explained that Moonga had given Plaintiff the same medication to no effect. Griutron replied that Plaintiff would be placed in line to see a doctor, that the wait would be approximately two weeks, and that Plaintiff was to return to the clinic if his symptoms persisted or worsened. (Id. at 7.)

Plaintiff returned to the medical clinic on Saturday, June 20, 2009, complaining of nausea and shortness of breath. Clinic staff instructed Plaintiff to fill out a health care request to be reviewed Monday. On June 22, 2009, Griutron signed and dated Plaintiff's weekend request without comment. (Id. at 8.)

"On June 24, 2009, [P]laintiff awoke in his prison cell soaked in sweat, nauseated, coughing and unable to breathe." (Id.) He was assisted to the clinic where Griutron

reviewed Plaintiff's vital signs, consulted with a Licensed Vocational Nurse, and informed Plaintiff he was being sent for x-rays. (Id. at 9.) Shortly after the x-rays were taken, Plaintiff was sent to an outside hospital via ambulance and saw a doctor. On June 26, 2009, surgery was performed to conduct a biopsy and remove large amounts of bacteria from Plaintiff's lungs. The surgeon said Plaintiff was suffering from Bacterial Pneumonia. (Id. at 10.) Plaintiff returned to KVSP on July 3, 2009, with various prescriptions to aid in his recovery. Six days later he was prescribed dietary supplements to restore weight lost during his illness.

On August 6, 2009, Plaintiff submitted a health care request due to difficulty breathing and inability to sleep. (Id. at 11.) The following day he was seen by Moonga, who issued Plaintiff a bottle of Mucinex and instructed him to return if his conditions worsened. That night Plaintiff's condition worsened and he was transported to an outside hospital. He was discharged the following day, August 8, 2009, diagnosed with asthma exacerbation and shortness of breath. (Id. at 12.)

Plaintiff concludes that the Defendants denied Plaintiff access to a doctor on May 28, 2009; June 17, 2009; June 22, 2009; and August 7, 2009, in violation of his Eighth Amendment right to adequate medical care. At each meeting Plaintiff presented the Defendants with medical issues that exceeded their abilities as nurses. The Defendants allegedly denied Plaintiff access to a doctor in deliberate indifference to Plaintiff's serious medical needs.

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B. Inadequate Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting

McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under

the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

1. Serious Medical Need

Plaintiff experienced a persistent cough, labored breathing, and severe discomfort. The Defendants found Plaintiff's condition worthy of treatment by a medical doctor. Plaintiff was diagnosed with pneumonia and required surgery. This was a serious medical need and thus satisfies the first element of Plaintiff's Eighth Amendment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

2. Deliberate Indifference

a. RN Moonga

Defendant Moonga screened Plaintiff's requests for medical care twice, first on May 28, 2009, and again on August 7, 2009. Moonga was aware of Plaintiff's status as an asthmatic enrolled in the CCP. Plaintiff's medical concerns exceeded Moonga's ability as an RN. Defendant Moonga exhibited deliberate indifference during both screenings by distributing over the counter medication rather than referring Plaintiff to a doctor. (Id. at 21, 22.)

At the first screening, Plaintiff complained of trouble breathing and a cough. He

believed he may have contracted swine flu and he requested a flu shot. Moonga stated that he did not think Plaintiff had the flu. He gave Plaintiff cough drops, a mucus solvent, and instructed Plaintiff to notify medical personnel if the symptoms persisted.

Plaintiff has failed to allege that Defendant Moonga acted with deliberate indifference on May 28 or August 7, 2009. Initially, Defendant Moonga considered Plaintiff's symptoms and medical history and determined that a doctor referral was not necessary. Moonga issued medication and instructed Plaintiff to return if the symptoms persisted. On August 7, 2009, Plaintiff entered the medical clinic complaining of difficulty breathing and being unable to sleep on his back. Plaintiff had undergone surgery for pneumonia on June 26, 2009. Moonga issued Plaintiff a mucus solvent and instructed Plaintiff to return if his symptoms worsened. The symptoms did worsen, Plaintiff returned, and he was sent to an outside hospital for treatment.

Plaintiff's serious medical need was not disregarded on either occasion. The treatment provided was the product of Moonga's medical judgment. Plaintiff's disagreement with that judgment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). The allegation that Moonga was medically unqualified to choose a course of treatment is, as pled, a simple opinion by Plaintiff, a lay person, unsupported by fact. Plaintiff's conclusion in this regard is not sufficient to state a claim. Similarly, Plaintiff's belief that he should have been immediately referred to a doctor is not sufficient to state a claim. Sanchez, 891 F.2d at 242. Moonga provided medication and instructed Plaintiff to return if the symptoms worsened. Plaintiff has failed to demonstrate why this course of treatment was medically unacceptable under the circumstances. Assuming that the treatment was unacceptable, Plaintiff has still failed

to allege that Moonga chose the treatment in conscious disregard of an excessive risk to Plaintiff's health. Farmer, 511 U.S. at 837.

b. RN Griutron

Defendant Griutron attended to Plaintiff on June 17, 2009, in response to a medical care request; signed Plaintiff's June 20, 2009, medical care request without comment; and saw Plaintiff when he walked in to the clinic on June 24, 2009. Griutron was aware of Plaintiff's May 28, 2009, appointment with Moonga. Each appointment presented medical issues beyond an RN's ability. At each appointment Griutron reviewed Plaintiff's medical records, which reflected his enrollment in the CCP. Griutron knew "or should have known" that Plaintiff's symptoms posed an increased risk of harm in light of his chronic asthma.[1] (Id. at 15-18.) Griutron also "should have known" that Plaintiff was at an increased medical risk in light of his asthma diagnosis and the fact that Valley Fever is prevalent at KVSP. Nevertheless, Griutron denied Plaintiff access to a doctor until June 24, 2009, in deliberate indifference to Plaintiff's serious medical needs. (Id. at 20.)

Plaintiff concedes that Defendant Griutron provided adequate medical care on June 24, 2009. On that day Griutron ordered the x-rays that led to Plaintiff being admitted into an outside hospital and seeing a doctor. At issue is Griutron's conduct on June 17, 2009, and June 22, 2009.

Defendant Griutron screened Plaintiff's second medical care request on June 17, 2009. Plaintiff was experiencing shortness of breath and a persistent cough. Griutron measured Plaintiff's vital signs and offered Plaintiff more of the same medication provided

---

[1] Plaintiff later alleges that Defendant Griutron "fail[ed] to note that [P]laintiff was a chronic care inmate . . . ." (Compl. at 18.)

by Moonga.  When Plaintiff explained that the medication had not been effective, Griutron put Plaintiff in line to see a doctor.  Griutron stated that the wait would be approximately two weeks, and that Plaintiff was to return to the clinic if his symptoms persisted or worsened.

Plaintiff alleges that Griutron was not qualified to provide treatment and that her failure to refer Plaintiff to a doctor immediately amounted to deliberate indifference.  The allegations put forth do not satisfy the second element of Plaintiff's Eighth Amendment claim.  Griutron exercised her medical judgment and concluded that an immediate doctor referral was not necessary.  As previously discussed, Plaintiff's disagreement with this choice is not an adequate basis for an Eighth Amendment claim.  Sanchez, 891 F.2d at 242.  Griutron may have been negligent in her treatment, but negligence falls short of deliberate indifference.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.

Plaintiff alleges that his medical history and environmental factors increased the risk of harm.  However, Plaintiff does not allege that Griutron was actually aware of these factors.  To the contrary, Plaintiff specifically alleges that Griutron "fail[ed] to note that [P]laintiff was a chronic care inmate . . . ." (Compl. at 18.)  Plaintiff has failed to sufficiently allege that on June 17, 2009, Defendant Griutron "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  Farmer, 511 U.S. at 837.  There are no facts to support Plaintiff's conclusion that Griutron was unqualified to make her determination.

Plaintiff also alleges that Defendant Griutron exhibited deliberate indifference when she signed Plaintiff's weekend medical care request without comment.  Plaintiff was complaining of nausea and shortness of breath.  Defendant Griutron signed the request

form without referring Plaintiff to a doctor immediately or providing comment.

Plaintiff has again failed to demonstrate that the Defendant exhibited deliberate indifference. Griutron had already put Plaintiff in line to see a doctor and apparently concluded that his symptoms did not warrant an immediate referral. The fact that Plaintiff believes the Defendant should have acted differently does not state a claim. Sanchez, 891 F.2d at 242. There are no facts to support the conclusion that Griutron's choice to take no action was medically unacceptable or that she was not qualified to make such a choice.

Plaintiff has not alleged facts demonstrating that either Defendant violated his Eighth Amendment rights. The Court's previous screening order instructed Plaintiff on the applicable law and gave him an opportunity to amend to meet the pleading requirements. The fact that he has not successfully amended is reason to conclude he can not successfully amend. No useful purpose would be served in once again advising him of the applicable standard and giving him further leave to amend.

## V. CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk shall close the case.

IT IS SO ORDERED.

Dated: August 29, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE